James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY E. GARVER, ) <br> ) <br> Defendant. ) <br> ) | CR-06-113-WFN <br><br> United States' Memorandum in Support of Motion for Disclosure of Grand Jury Material |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, submits the following memorandum in support of its motion for an order permitting disclosure of grand jury material in this case.

The general secrecy requirements of the grand jury are contained in Federal Rule Criminal Procedure 6(e). Fed. R. Crim. P. 6(e)(2) provides that:

> Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:
> (I) a grand juror;
> (ii) an interpreter;
> (iii) a court reporter;
> (iv) an operator of a recording device;
> (v) a person who transcribes recorded testimony;
> (vi) an attorney for the government; or
> (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

Fed. R. Crim. P. 6(e)(3)(E) provides that:

United States' Memorandum in Support of Motion for Disclosure of Grand Jury Material - 1
P61113DD.JHB.wpd

> The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand jury matter:
>
> (I) preliminarily to or in connection with a judicial proceeding;

There is a split in the Circuit Courts of Appeal as to whether documents subpoenaed by the grand jury are even considered secret as "matters occurring before the grand jury." <u>United States v. Dynavac</u>, 6 F.3d 1407 (9th Cir. 1993) and cases cited therein. In <u>Dynavac</u> business records which were independently generated and existed outside the grand jury investigation were not considered matters occurring before the grand jury. The crucial question seems to be whether the disclosure would compromise the integrity of the grand jury's deliberative process. <u>Id.</u> at 1414. Even then, disclosure is permitted if the defendant's need for the material outweighs the continuing need for secrecy.

However, the prosecutor is allowed to introduce and disclose grand jury material at the change of plea hearing and at trial without any prior court order allowing disclosure. <u>United States v. Manglitz</u>, 773 F.2d 1463 (4th Cir. 1985). But disclosure at that time will not facilitate the defendant's preparation for trial in this case.

Moreover, Fed. R. Crim. P. 16(a)(1)(C) provides for the defendant's pretrial discovery of documents which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial. Defendants may find some of the documents material to their case and many of the documents are intended for use by the government at trial.

At the same time, 18 U.S.C. § 3500 requires the United States to provide a witness' prior statement to the defense. This includes statements made to the grand jury. 18 U.S.C. § 3500(e)(3).

Therefore, the United States requests a court order allowing the United States to disclose documents subpoenaed by the grand jury, including the sealed

documents from Spokane County Superior Court Proceeding in Re: The Involuntary Treatment of Anthony Garver, Cause No. 04-00806-8, and medical records from the Eastern State Hospital relating to Anthony E. Garver, to the Defendant and his attorney "preliminary to" and "in connection with" this criminal prosecution to allow the Defendant to prepare for trial.

DATED November 13, 2006.

James A. McDevitt
United States Attorney

*s/Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney

United States' Memorandum in Support of Motion for Disclosure of Grand Jury Material - 3
P61113DD.JHB.wpd


I hereby certify that on November 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

> Ms. Christina L. Hunt
> Federal Defenders of Eastern Washington
> 10 North Post, Suite 700
> Spokane, Washington 99201

*s/Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney