James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 15 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>ANTHONY E. GARVER,<br><br>  Defendant. | CR-06-113-WFN<br><br>PLEA AGREEMENT |

    Plaintiff, United States of America, by and through James A McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, and Defendant, ANTHONY E. GARVER, a/k/a Anthony E. Burke, and his counsel, Christina L. Hunt, enter into the following Plea Agreement:

    1.    <u>Plea and Maximum Statutory Penalty</u>:

    The Defendant agrees to plead guilty to the Indictment, dated November 8, 2006, which charges him with being in Possession of Ammunition after Having Previously Been Committed to a Mental Institution, in violation of 18 U.S.C. § 922(g)(4). The Defendant understands this charge is a Class C felony offense that carries a maximum statutory penalty of: not more than a ten-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; and a $100 special penalty assessment.

Plea Agreement- 1
P70213DD.JHA.wpd

2. <u>Violation of Supervised Release</u>:

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-incarceration for all or part of the term of supervised release, without credit for time previously served on post-release supervision.

3. <u>The Court is Not a Party to the Agreement</u>:

The Defendant and the United States understand that the Court is not a party to this Plea Agreement and may accept or reject it. The Defendant understands: that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalty.

The Defendant acknowledges that no promises of any type have been made to him regarding the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the sentencing range applicable under the Sentencing Guidelines, but that the Court may depart upward or downward from the range. The Defendant also understands that the Court will consider all of the sentencing factors set forth in 18 U.S.C. § 3553.

The Defendant understands further that the Court may not accept any of the parties' recommendations set forth in this Plea Agreement. The Defendant understands that such a circumstance does not provide him a basis for withdrawing from this Plea Agreement or for withdrawing his plea of guilty.

4. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering a plea of guilty he is knowingly and voluntarily waiving certain constitutional rights, including: (a) the right to a jury trial; (b) the right to see, hear and question the government's witnesses; (c)

Plea Agreement- 2
P70213DD.JHA.wpd

the right to remain silent at trial; (d) the right to testify at trial; and (e) the right to compel witnesses to testify. While the Defendant understands he is waiving certain constitutional rights, he understands that he will retain the right to be assisted through the sentencing process and the appellate process, if any, by an attorney, who will be appointed at no cost to him if he cannot afford to hire an attorney.

5. <u>Elements of the Offense:</u>

The Defendant acknowledges and agrees that, in order to be found guilty of being in Possession of Ammunition after Having Previously Been Committed to a Mental Institution, in violation of 18 U.S.C. 5 922(g)(4), as charged in the Indictment, the United States would have to prove each of the following three elements beyond a reasonable doubt:

First, on or about June 2, 2006, in the Eastern District of Washington, ANTHONY E. GARVER, a/k/a Anthony E. Burke, knowingly possessed ammunition, to wit: approximately 80 rounds of grey-colored 7.62 x 39 mm ammunition having a head stamp "WOLF" and "7.62 x 39" and approximately 20 rounds of green-colored 7.62 x 39 mm ammunition having a head stamp "7.62 x 39" and an over/under arrow symbol;

Second, the ammunition had been shipped or transported in foreign commerce; and

Third, at the time ANTHONY E. GARVER, a/k/a Anthony E. Burke possessed the ammunition, he had previously been committed to a mental institution, to wit: Sacred Heart Medical Center's Psychiatric Center on or about August 4, 2004.

6.   Factual Basis and Statement of Facts:

The Defendant acknowledges and agrees that, in proving the elements of the crime to which he is pleading guilty, the United States can establish the following facts beyond a reasonable doubt, that these facts constitute an adequate basis for his plea of guilty; and that for sentencing purposes, neither party is precluded from presenting additional facts and arguing the relevance of the facts to the Sentencing Guidelines computation or to sentencing generally, unless otherwise prohibited by this Plea Agreement:

**A.   Prior Commitment to a Mental Institution**

The Superior Court of the State of Washington, in and for the County of Spokane, entered an Order of Involuntary Treatment and Findings of Fact and Conclusions of Law in support thereof, both of which are dated August 4, 2004. The Order of Involuntary Treatment directed that ANTHONY E. GARVER be "subject to treatment for a period not to exceed one hundred eighty days." Specifically, the court ordered that ANTHONY E. GARVER be detained and treated at Sacred Heart Medical Center.

The Order was based on the court's Findings of Fact and Conclusions of Law. The court found that ANTHONY E. GARVER suffers from a mental disorder, that he presents a likelihood of harm to himself and others, and that he is not able to care for his mental health and safety needs in the community. At the time, the court found, *inter alia*, that:

-[ANTHONY E. GARVER was] a minor, age 16 years (Findings, p.2);

- there is a substantial risk that physical harm will be inflicted by [ANTHONY E. GARVER] upon another, as evidenced by behavior which has caused such harm or which places another person or persons in reasonable fear of sustaining such harm (Findings, II, p. 2);

- there is recent proof of significant loss of cognitive or volitional control. [ANTHONY E. GARVER] is not receiving or would not receive if released, such as is essential to maintain his health or safety. [ANTHONY E.

Plea Agreement- 4
P70213DD.JHA.wpd

GARVER] is unable, because of severe deterioration of mental functioning, to make a rational decision with respect to [his] treatment (Findings, II, p.3);

- [ANTHONY E. GARVER] is in need of further treatment that can only be provided in a one hundred eighty-day commitment (Findings, IV, p.4);

- [two physicians * * * have analyzed [ANTHONY E. GARVER's condition and either testified or were willing to testify that [ANTHONY E. GARVER] has a mental disorder and presents a likelihood or serious harm or is gravely disabled, and is in need of treatment that only can be provided in a one hundred eighty-day commitment (Findings, VII, p.4); and

-Sacred Heart Medical Center * * * is, certified by the [Washington State Department of Social and Health Services to provide inpatient mental health evaluation and treatment services to minors (Findings, VIII, p.4).

### B.  The Defendant Possesses Ammunition

On June 2, 2006, Spokane County Sheriffs Deputies responded to a domestic violence complaint involving the Defendant. Deputy Mitchell contacted Ms. Taldja Garver at a residence located at 17605 E. Off My Lane, Spokane, Washington. When Deputy Mitchell arrived at the residence he spoke to Ms. Garver, the Defendant's mother, and Ms. Dawn House, a neighbor.

Ms. Garver stated that the Defendant had been in her residence that day and that she and the Defendant had been arguing about whether he had caused damage to a neighbor's house. Ms. Garver stated that she became afraid for her life when the Defendant said he would kill her, her husband Andrew, her other son Derrick, and her neighbor Ms. House. According to Ms. Garver, the Defendant showed her a full ammunition clip contained in a black travel bag that he had in his possession. The Defendant then left the residence carrying the black travel bag.

The Defendant denies he told Ms. Garver that he would kill her, her husband Andrew, her other son Derrick, or her neighbor Ms. Dawn House. The Defendant also denies that he showed Ms. Garver the ammunition clip.

Deputy Mitchell also spoke with Ms. House. According to Ms. House, the Defendant had indicated that he had a gun. The Defendant denies that he indicated to Ms. House that he had a gun.

While Deputy Mitchell was speaking to Ms. Garver, the Defendant called Ms. Garver's cellular telephone. Ms. Garver gave Deputy Mitchell the telephone and he spoke with the Defendant. The Defendant advised Deputy Mitchell that he was in the nearby woods. The Defendant agreed to come out of the woods and meet with Deputy Mitchell.

Approximately five minutes later, the Defendant walked out of the nearby woods, without the travel bag, and met with Deputy Mitchell. Deputy Mitchell, who had had previous law-enforcement related contacts with the Defendant, detained him by placing him in handcuffs. Deputy Mitchell advised the Defendant of his Constitutional rights under *Miranda*, which the Defendant stated he understood and agreed to waive. The Defendant spoke to Deputy Mitchell and denied threatening to kill Ms. Garver or anyone else. The Defendant admitted having possession of two, 20-round AK-47 ammunition clips in his travel bag. The Defendant stated that he did not have an AK-47 rifle yet, but that he intended to obtain one soon. The Defendant refused to reveal where his black travel bag was at the time.

In addition, the Defendant stated that he disagreed with the doctors who opined that he was mentally ill and that he needs medication. He stated further that he refuses to take medication.

Deputy Mitchell placed the Defendant under arrest for Harassment (domestic violence)- threatening to kill another. Deputy Mitchell transported the Defendant to the Spokane County jail.

Thereafter, Spokane County Sheriffs Deputy Karnitz searched the woods and located the black travel bag. The black travel bag contained, among other items:

Plea Agreement- 6
P70213DD.JHA.wpd

- a wallet with a temporary Washington State identification card in the name of Anthony Edyle Burke; a photocopy of a birth certificate from the State of California in the name of Anthony Edyle Burke; an employee statement of earnings in the name of Anthony E. Burke from the Sahara Hotel and Casino, dated May 21, 2006; and a pawn shop receipt dated May 30, 2006 for the cash purchase of a GPS and a Compaq Presario laptop computer;

- an assault rifle magazine loaded with 30 rounds of 7.62 x 39 ammunition; 51 loose rounds of grey-colored 7.62 x 39 mm ammunition; and 19 loose rounds of green-colored 7.62 x 39 mm ammunition having a red-colored band around the base of each round;

- three knives;

- an Eagle Explorer GPS unit; an air band transceiver; and a Radio Shack police scanner; and

- a Compaq Presario laptop computer.

The travel bag and the items contained therein were subsequently checked into the Spokane County Property room as the Defendant's property.

### C. Interstate Nexus of the Ammunition

Rich Jessen, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, is recognized as an expert in the identification of firearms and ammunition and their nexus to interstate and foreign commerce. Special Agent Jessen has examined the 7.62 x 39 mm ammunition discovered in the Defendant's black travel bag, including the 80 rounds of grey-colored 7.62 x 39 mm ammunition having a head stamp "WOLF" and "7.62 x 39" and the 20 rounds of green-colored 7.62 x 39 mm ammunition having a head stamp "7.62 x 39" and an over/under arrow symbol. He has concluded that the ammunition was manufactured in Russia and that, for the 100 rounds of 7.62 x 39 ammunition to have been present in the Eastern District of Washington on or about June 2, 2006, the ammunition had to have been shipped or transported in foreign commerce.

7.  <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees that, if he withdraws his guilty plea, he waives the

Plea Agreement- 7
P70213DD.JHA.wpd

inadmissibility of statements, if any, made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). The Defendant agrees further that any such inadmissible statements also include those statements made at the change of plea hearing to establish facts sufficient for the Court to accept his plea of guilty. The Defendant agrees that this waiver permits the United States to move to introduce any such inadmissible statements in its case-in-chief.

8. No Additional Charges:

The United States Attorney for the Eastern District of Washington agrees to file no additional charges against the Defendant based on information in its possession at the time of this Plea Agreement and arising out of his conduct involving the illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9. Effect of Breach:

The Defendant agrees if he breaches this Plea Agreement: that the agreement is null and void; that he expressly waives the right to challenge the initiation of additional charges against him for any criminal activity; and that the united States may make derivative use of and may pursue any investigative leads suggested by him.

10. United States Sentencing Guidelines Calculation:

The United States and the Defendant acknowledge that the final Sentencing Guidelines calculations will be determined by the Court, with input from the United States Probation Office. The United States and the Defendant reserve the right to advise the Court and the United States Probation Office about the law and facts applicable to any sentencing issues.

(a.) *Base Offense Level:*

The Defendant and the United States agree that his base offense level for the charge is 14. See USSG 8 2K2.1(a)(6).

Plea Agreement- 8
P70213DD.JHA.wpd

(b.) *Specific Offense Characteristics*:

The Defendant aclulowledges that the United States will seek a four-level increase in his base offense level because he used or possessed the ammunition in connection with another felony offense, to wit: Felony Harassment (domestic violence). *See* USSG § 2K2.1 (b)(5).

(c.) *Acceptance of Responsibility:*

If the Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, provides complete and accurate information during the sentencing process, and does not commit any obstructive conduct, the United States will recommend a two-level reduction of his offense level for acceptance of responsibility and, if applicable, a one-level reduction for timely entering a plea of guilty. U.S.S.G. § 3El.1(a) and (b).

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, before sentencing, and shall provide a receipt from the Clerk to the United States Attorney's Office before sentencing as proof of this payment, as a condition to this recommendation by the United States. *See* 18 U.S.C. § 3013. If the Defendant lacks the financial resources to pay the assessment at or before sentencing, he agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program in order to pay the assessment.

The Defendant and the United States also agree that the United States may, at its option and upon written notice to the Defendant, not recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

(d.) *Criminal History:*

The Defendant and the United States understand that his criminal history

Plea Agreement- 9
P70213DD.JHA.wpd

computation will be determined by the Court, based on input from the United States Probation Office and the Presentence Investigation Report. The Defendant and the United States acknowledge they have made no agreement and have made no representations as to the Criminal History Category within which the Defendant falls.

11. <u>Incarceration</u>:

The Defendant and the United States acknowledge that, at sentencing, they are free to make whatever sentencing recommendations they deem are appropriate.

12. <u>Criminal Fine</u>:

The Defendant and the United States reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

13. <u>Supervised Release</u>:

The Defendant acknowledges that the United States will recommend that the Court impose a three-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release: (a) that the Defendant complete mental health evaluations and treatment if, and as, the Probation Officer directs, that the Defendant allow reciprocal release of information between his designated Probation Officer and his treatment provider, and that the Defendant contribute to the cost of such evaluations and treatment according to his ability; (b) that the Defendant's person, residence, office, vehicle, and belongings be subject to search at the direction of his designated Probation Officer; and (c) that the Defendant possess no false identification, no bomb-making recipes, no copies of or excerpts from the "Anarchist Cookbook," no blueprints for any building or structure, no copies of or excerpts from the Al-Qaeda training manual; and no Arabic language media, either electronic or written, without prior permission from his designated Probation Officer.

14. **Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or renegotiate its recommendations if, prior to the imposition of sentence, he is charged or convicted of any criminal offense whatsoever or if he tests positive for any controlled substance.

15. **Appeal Rights:**

Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus). Should the conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against the Defendant and make derivative use of any statements or information he has provided.

16. **Integration Clause:**

The Defendant and the United States acknowledge that the above stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms or conditions not stated herein. The parties agree this Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The parties also agree that this agreement cannot be modified except in a writing that is signed by the parties.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for

Plea Agreement- 11
P70213DD.JHA.wpd

the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____          2-15-07
Joseph H. Harrington                    Date
Assistant U.S. Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights and I understand those rights. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I admit that I am guilty. Finally, I am satisfied with the representation of my attorney in this case.

_____          02/15/07
Anthony E. Garver, a/k/a                Date
     Anthony E. Burke
Defendant


I, Christina L. Hunt, hereby acknowledge that I am counsel for ANTHONY E. GARVER, a/k/a Anthony E. Burke, in the above titled case. I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. To the best of my knowledge, ANTHONY E. GARVER, a/k/a Anthony E. Burke, has no viable defense to the instant charge and there is no legal

Plea Agreement- 12
P70213DD.JHA.wpd

reason why the Court should not accept his plea of guilty.

_____    2/15/07
Ms. Christina L. Hunt              Date
Attorney for the Defendant

Plea Agreement- 13
P70213DD.JHA.wpd