Christina L. Hunt
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant
ANTHONY BURKE

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
                    (HONORABLE WM. FREMMING NIELSEN)

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )    CR-06-113-WFN
                                 )
     Vs.                         )    Defendant's Sentencing
                                 )    Memorandum
ANTHONY BURKE,                   )
                                 )
                    Defendant.   )
_____)

TO:  JAMES McDEVITT, UNITED STATES ATTORNEY
     JOSEPH H. HARRINGTON, ASSISTANT UNITED STATES ATTORNEY

     ANTHONY BURKE, through counsel, Christina L. Hunt for the

Federal Defenders of Eastern Washington and Idaho, hereby files

this his sentencing memorandum in the above-styled case.

     Mr. Burke has pled guilty to one count of possession of

ammunition by a person previously committed to a mental

institution, 18 U.S.C. §922(g)(4).  The maximum penalty for this

offense is 10 years imprisonment, 3 years of supervised release,

$250,000 fine and $100 mandatory special assessment.

     The presentence report prepared in this matter suggests that

the appropriate criminal history is category I, the adjusted

offense level is 15, with a resulting advisory guideline range of

Defendant's Sentencing Memorandum

18-24 months.[1]  The government has suggested that the appropriate sentence in this case would be the statutory maximum sentence of ten years.  This recommendation was based upon the government's assertion that Mr. Burke has denied any mental health issues, has not complied with medication regimes, and has shown an escalation of planning assaultive behavior.  (See United States Response to the Presentence Investigation Report and Sentencing Memorandum, filed April 24, 2007).  As part of their recommendation, the government relies on information received from Eastern State Hospital, specifically comments made during the course of an in-patient forensic hospitalization during 2006.  Since the date of that hospitalization, Mr. Garver has had two subsequent forensic evaluations at Sea-Tac Federal Correctional Institution in June 2007 and the  Rochester Federal Medical Center in November 2007. The government has not referenced those reports as part of their sentencing recommendations.

    The question which this court now faces is how does one fashion a sentence which not only incorporates punishment and protects others, but a sentence which also rehabilitates Mr. Garver? It appears that this question, in part, requires the court to address all of the factors set forth in 18 U.S.C. §3553(a) without over-emphasizing one factor to the exclusion of

---

[1]Mr. Burke has filed an earlier objection to the adjusted offense total.  Mr. Burke contends the appropriate adjusted offense level is 12, with a resulting advisory guideline range of 10-16 months.

the others.  The government, on the other hand, urges this court
to emphasize §3553(a)(2)(C) to the exclusion of all other
factors.

When looking at the nature and circumstances of this
offense, the government ignores the fact that Mr. Burke was in
possession of bullets ALONE.  No firearm was ever found, and, in
fact, Mr. Burke was not in possession of one at any time relevant
to this discussion.  Mr. Burke indicates that he had purchased
the bullets, but not a firearm.  Interestingly enough, had Mr.
Burke attempted to purchase a firearm, paperwork required by
federal law would have been filled out and a background check may
have been done.  In doing so, Mr. Burke's inability to possess a
firearm would have probably resulted in a denial of his request
to purchase any firearm.  In addition to the fact that Mr. Burke
possessed only ammunition, the court must also consider the
characteristics of Mr. Burke.  It appears that Mr. Burke will
rule out mental health assistance unless that mental health
assistance is required of him.  Given that both psychologists
from the Bureau of Prisons believe that he is not currently in
need to treatment, he will not receive assistance at a medical
facility maintained by the Bureau of Prisons.  By placing Mr.
Burke in general population with inmates, some of whom are very
seasoned criminals, Mr. Burke will have the disadvantage of
having only seasoned criminals as role models.  He has shown a
fascination with computers, electronics and chemistry, which may
be related to either his obsessive-compulsive behavior or to his

Defendant's Sentencing Memorandum

1    autism.  He has further shown that his communication skills and

2    his need to impress others with exaggerated tales will further be

3    honed if he is exposed to other criminals.

4        It is clear that Mr. Burke needs to be in a structured

5    environment.  This court must determine if that environment must

6    be a prison setting, or a setting which will enable Mr. Burke to

7    obtain mental health evaluations and counseling as well as to

8    learn skills he needs in order to cope with outside pressures in

9    a productive manner.  He was subjected to severe abuse from his

10   stepfather while in the home, and then ejected from the home.  He

11   often found himself homeless and lived in the woods as he had no

12   where else to go.  He has been resistant to treatment in the past

13   as he has verbalized that he was only in treatment because of his

14   stepfather's and mother's lies.

15       Dr. Carlson, from FMC Rochester, stated that Mr. Burke

16   exhibited a generally positive behavioral adjustment while on the

17   outpatient evaluation unit.  Although he sometimes needed

18   reminders about his personal hygiene, his mental state was calm

19   and controlled, and he functioned without difficulties.

20       It appears that if Mr. Burke were to be placed in a halfway

21   house or group home, he may be able to maintain the same type of

22   mental state that he maintained while at FMC Rochester.  Another

23   advantage of releasing Mr. Burke into a halfway or group home

24   rather than imposing the maximum statutory sentence as requested

25   by the government is that this court will be able to use the

26   sanctions of supervised release if Mr. Burke does not comply.  If

27

Defendant's Sentencing Memorandum

1  the maximum statutory sentence is imposed, supervised release

2  will have no meaning as it cannot be revoked.

3      Given the above, counsel below respectfully requests that

4  this court sentence Mr. Burke to time served, to be followed by

5  the maximum period of supervised release with the special

6  condition that Mr. Burke receive mental health treatment and

7  counseling as well as serve time in a halfway house or group

8  home.

9  Dated:    January 23, 2008

10                              Respectfully Submitted,

11

12

13                              S/ Christina L. Hunt
                                GA 378501
14                              Attorneys for Burke
                                Federal Defenders of
15                              Eastern Washington and Idaho
                                10 North Post, Suite 700
16                              Spokane, Washington 99201
                                Telephone: (509) 624-7606
17                              Fax: (509) 747-3539
                                Tina_Hunt@fd.org
18

19

20

21

22

23

24

25

26

27
Defendant's Sentencing Memorandum
                        5

1

CERTIFICATE OF SERVICE

2      I hereby certify that on January 23, 2008, I electronically

3 filed the foregoing with the Clerk of the Court using the CM/ECF

4 System which will send notification of such filing to the

5 following: JOSEPH H. HARRINGTON, Assistant United States Attorney.

6

7                                S/ Christina L. Hunt
                                GA 378501
8                                Attorneys for Burke
                                Federal Defenders of
9                                Eastern Washington and Idaho
                                10 North Post, Suite 700
10                               Spokane, Washington 99201
                                Telephone: (509) 624-7606
11                               Fax: (509) 747-3539
                                Email: Tina_Hunt@fd.org

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Defendant's Sentencing Memorandum