Michael C. Ormsby
United States Attorney
Eastern District of Washington
Thomas O. Rice
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 06-CR-113-EFS |
| vs. | ) | United States' Sentencing Memorandum |
| ANTHONY E. BURKE, aka Anthony E. Garver, | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Thomas O. Rice, Assistant United States Attorney for the Eastern District of Washington, submits the following revocation hearing and sentencing memorandum.

### BACKGROUND

In June 2008, Defendant was sentenced to 37 months incarceration followed by 3 years of supervised release after pleading guilty to possession of ammunition after having previously been committed to a mental institution. Defendant served the remainder of his sentence at the United States Penitentiary Victorville. According to a pre-release progress report dated April 26, 2009, Defendant's institutional adjustment was considered poor:

> Additionally, inmate Burke, throughout his entire confinement, has
> not made effort to gain any additional educational or vocational skills
> that have been offered to him within the institutional setting. As

United States' Sentencing Memorandum- 1

P10706tr.trb.wpd

1    such, the unit team concludes, inmate Burke is not likely to have a

2    successful reentry in to the community.

3    April 26, 2009, Progress Report.

4    The Defendant was released from Bureau of Prisons custody on July 2,

5    2009, and instructed to board a bus to travel to Spokane, Washington from

6    Victorville, California.  The Defendant was scheduled to arrive in Spokane on July

7    3, 2009 at 4:45 p.m., be met by his probation officer and taken to the Geiger

8    residential reentry center (RRC) by 5:00 p.m.  According to the Judgment,

9    Defendant was required to serve up to 180 days in the Geiger RRC as a condition

10    of his supervision and the Bureau of Prisons recommended an additional 30 days

11    at the RRC.

12    Burke absconded during the bus ride, stole a vehicle, stole gasoline from a

13    Zip Trip store, traveled to Montana, eventually returned to Spokane and hid in the

14    foothills leading to Mt. Spokane until he was arrested on July 29, 2009, after an

15    extensive manhunt.  The Court revoked Burke's supervision and ordered him to

16    serve another 7 months, 21 days in custody.  The Court ordered another 28 months

17    of supervised released and required that Burke serve 180 days in a residential

18    re-entry center.

19    After prison the second time, Burke began his stay at the residential re-entry

20    center in Spokane on March 19, 2010.  On April 27, 2010, he was allowed to leave

21    the center for an optical appointment and was required to return at 4:00 p.m.  He

22    never returned but rather purchased a car and proceeded on a high speed chase

23    through Montana after it was reported he was breaking into a car (his car) at the

24    Three Forks Town Pump.  The description of the chase is too long to put in this

25    memo, suffice to say it involved, high speed chase, low speed chase, going the

26    right way on Interstate-90, going the wrong way on Interstate-90, going in reverse

27    on I-90, going in reverse the wrong way on I-90, two deployments of spike strips,

28    sideswiping the concrete jersey barriers, sideswiping a trailer pulled by a pickup,

United States' Sentencing Memorandum- 2

1    weaving from lane to lane, a smashed guardrail, several stops and starts, guns

2    drawn by law enforcement several times, attempts to hit the sheriff's deputies, a

3    crash into a rock face wall, a stalled vehicle, a foot chase, a jump into Trail Creek,

4    an escape to the other side of the creek, a slip back into the creek, a downstream

5    swim, and ultimately Burke being arrested.  On November 22, 2010, Burke was

6    sentenced to 4 years in the Montana State Penitentiary after having been convicted

7    of criminal endangerment.

8         In the meantime, a petition for warrant or summons for offender under

9    supervision was filed on April 28, 2011, alleging violation number 1, that

10   defendant absconded from the residential re-entry center without completing his

11   court ordered 180 day placement.  Then on March 1, 2011, violations 2 and 3 were

12   filed, alleging that defendant committed a new crime and left the judicial district

13   without permission.

14        On May 5, 2011, Defendant admitted that he committed all three violations

15   and this sentencing hearing is scheduled for July 7, 2011.

16

17                    SENTENCING  RECOMMENDATION

18        According to the Probation Officer's report, Defendant faces up to 24

19   months incarceration by statute or 4 - 10 months by guideline policy statement.

20   As the Court is aware, the United States Sentencing Guidelines are not binding on

21   the Court, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and the

22   supervised release revocation policy statements have never been binding on the

23   Court, United States v. George, 184 F.3d 1119 (9th Cir. 1999) (the district court

24   must consider them in calculating a sentence upon revocation of supervised

25   release; the district court, however, is not bound by the ranges stated in Chapter 7).

26        The United States will recommend revocation of supervision, imposition of

27   a 2-year term of incarceration followed by a 4 month term of supervised release.

28   The United States recommendation will be based upon the entire history of the

United States' Sentencing Memorandum- 3

P10706tr.trb.wpd

1  Defendant as set forth in the PSIR, the two mental health evaluations, the

2  Defendants history of repeated threats of violence, the Defendant's history for

3  collecting implements and tools to carry out his threats of violence, the

4  Defendant's history of refusing counseling and mental health treatment, the

5  Defendant's history for being a runaway, his demonstrated inability to be

6  amenable to supervision,  his desire and intent to avoid supervision, absconding

7  and committing new criminal offenses.

8        Section 3583(e)(3) governs the maximum term of imprisonment that may be

9  imposed when the district court revokes a defendant's supervised release. Section

10  3583(e)(3), states that the court may:

11        revoke a term of supervised release, and require the defendant to

12        serve in prison all or part of the term of supervised release authorized

13        by statute for the offense that resulted in such term of supervised

14        release without credit for time previously served on postrelease

15        supervision, if the court, pursuant to the Federal Rules of Criminal

16        Procedure applicable to revocation of probation or supervised release,

17        finds by a preponderance of the evidence that the defendant violated a

18        condition of supervised release, except that a defendant whose term is

19        revoked under this paragraph may not be required to serve *on any*

20        *such revocation* more than 5 years in prison if the offense that

21        resulted in the term of supervised release is a class A felony, more

22        than 3 years in prison if such offense is a class B felony, more than 2

23        years in prison if such offense is a class C or D felony, or more than

24        one year in any other case.

25

26

27

28

United States' Sentencing Memorandum- 4

P10706tr.trb.wpd

18 U.S.C. § 3583(e)(3) (emphasis added).  Under § 3583(e)(3) the maximum term of imprisonment that Defendant Burke could receive upon revocation of his supervised release is two years.[1]

The Ninth Circuit has clarified the supervised release revocation statute and explained the sentencing alternatives available to the Court.  It explained that Congress amended the statute in 2003 and significantly altered the text by adding the phrase "on any such revocation."  United States v. Knight, 580 F.3d 933 (9th Cir. 2009).  The Ninth Circuit held, "it is clear that Congress intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms."  Id. at 937.  The maximum term of 24 months imprisonment now applies "on any such revocation."

If the Court revokes supervision and imposes the full 2- year term of incarceration, the Court can also reimpose a 4 month term of supervision to follow.  Under 18 U.S.C. § 3583(h), the district court may impose a term of supervised release after imprisonment for violations of conditions of supervised release. Section 3583(h) specifically limits, however, the length of the term of supervised release the district court may impose.   Section 3583(h), as amended in 2003, states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of

---

[1]  Defendant Burke's underlying felony for possession of ammunition was punishable by not more than 10 years in prison and is thus classified as a Class C felony.  See 18 U.S.C. § 3559(a).

United States' Sentencing Memorandum- 5

P10706tr.trb.wpd

1    supervised release authorized by statute for the offense that resulted in the original

2    term of supervised release, *less any term of imprisonment that was imposed upon*

3    *revocation* of supervised release.

4    18 U.S.C. § 3583(h) (emphasis added).  With respect to what is termed the tail, the

5    Ninth Circuit held "the maximum term of supervised release to be imposed

6    following multiple revocations of supervised release must be reduced by the

7    aggregate length of any and all terms of imprisonment that have been imposed

8    upon revocation of supervised release."  <u>Knight</u>, at 940.

9           DATED July 6, 2011.

10                                          Michael C. Ormsby
                                            United States Attorney
11

12                                          s/Thomas O. Rice

13                                          Thomas O. Rice
                                            Assistant United States Attorney
14

15          I hereby certify that on July 6, 2011, I electronically filed the foregoing with
     the Clerk of the Court using the CM/ECF System which will send notification of
     such filing to the following, and/or I hereby certify that I have mailed by United
16   States Postal Service the document to the following non-CM/ECF participant(s):

17                    Mr. Peter S. Schweda
                      Attorney at Law
18                    2206 North Pines Road
                      Spokane, Washington 99206
19

20                                          s/Thomas O. Rice

21                                          Thomas O. Rice
                                            Assistant United States Attorney
22

23

24

25

26

27

28

     United States' Sentencing Memorandum- 6
     P10706tr.trb.wpd