Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> vs.<br><br>ANTHONY E. BURKE,<br><br>   Defendant. | NO. CR-06-00113-EFS<br><br>DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION |

The Defendant, through counsel, responds to the Government's Motion for a Competency Hearing. ECF No. 192.

### THE COURT SHOULD TERMINATE SUPERVISED RELEASE

The Defendant requests that the Court terminate supervised release in this case based upon the actions of the Defendant and in the interest of justice. 18 U.S.C. § 3583(e)(1). It is submitted that the nature and circumstances of the offense and the history and characteristics of the Defendant, 18 U.S.C. § 3553(a)(1), are important considerations in this case.

The Defendant is before the Court on alleged supervised release violations for the

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION -1*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

crime of possessing ammunition after previously having been committed to a mental institution, which took place in 2006. 18 U.S.C. § 922(g)(4).

On July 1, 2008, this Court sentenced Mr. Burke to 37 months imprisonment followed by a term of three years supervised release. ECF NO. 101. Upon release from the Bureau of Prisons on July 2, 2009, Mr. Burke absconded. For this supervised release violation, the Court sentenced Mr. Burke to seven months, 21-day imprisonment followed by a term of 28 months of supervised release on September 29, 2009. ECF No. 136. Mr. Burke was next released from federal prison to a residential reentry center on March 19, 2010. This started Mr. Burke's longest period of supervision. Forty days later, on April 27, 2010, Mr. Burke absconded, went to Montana where he was arrested after a motor vehicle chase. Mr. Burke was sentenced to four years in a Montana penal institution on November 22, 2010. Mr. Burke was writted out of Montana to face another supervised release violation in this Court. On July 7, 2011, this Court sentenced Mr. Burke to 12 months imprisonment followed by 9 months supervised release consecutive to his Montana sentence. Mr. Burke was incarcerated in Washington State for a state probation violation from a 2006 harassment conviction (per USPO Shane Moore) and released on March 8, 2013, and immediately absconded from supervised release in this case.

On July 3, 2013, Mr. Burke was arrested for First Degree Murder in Snohomish County, Washington. Mr. Burke was found to be incompetent to stand trial. After three terms of up to 180 days treatment, the Snohomish County Superior Court, in case No. 13-

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION* -2

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax:  509/922-2196*

1-01584-1, dismissed the murder charge due to his incompetency, subject to Mr. Burke being involuntarily committed to Western State Hospital under Pierce County Superior Court Case No. 15-6-00765-3.  Mr. Burke was in his second 180 day involuntary commitment when he left the hospital without leave on April 6, 2016.

Mr. Burke was arrested in Spokane County on April 9, 2016, and is now before the Court for two alleged supervised release violations:  Absconding on March 5, 2013; and, the First Degree Murder charge.

The underlying ammunition charge is a Class C Felony.  The maximum term of imprisonment for a supervised release violation here is two years.  18 U.S.C. § 3583(e)(3).

On the other hand, First Degree Murder, RCW 9A.32.030(1)(a) is a Class A Felony in Washington state.  A Class A Felony is punishable by not less than 20 years nor more than life.  RCW 9A.20.020(1)(a).  First Degree Murder is a Level XV offense.  RCW 9.94A.515.  The determinate sentencing grid provides for a minimum 20-year sentence for a person with no criminal history.

It is submitted that the State of Washington has a greater interest in Mr. Burke's custody and control than does the United States. The Government in its motion maintains that as a result of Mr. Burke leaving Western State Hospital while under commitment that "his competency is now in question." This is a question better addressed by Washington state authorities where Mr. Burke faces greater jeopardy.

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION -3*

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax:  509/922-2196*

Mr. Burke's past is filled with a history of mental difficulties and illness.

If the United States were to take custody of Mr. Burke and he were to be committed as being incompetent to face the supervised release violations, it is likely that he would be committed to Washington state mental institution any way. Any commitment under 18 U.S.C. § 4142(d) or federal civil commitment requires:

> The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until----
> (1) such a State will assume such responsibility;
> or
> (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;
> whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such State to assume such responsibility for the person's custody, care, and treatment.

This Court should terminate Mr. Burke's supervised release to allow the State of Washington to assume jurisdiction.

<u>RECOMMENDATIONS SHOULD THE COURT ORDER A COMPETENCY EVALUTAION</u>

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION -4*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

Should the Court order an evaluation of Mr. Burke's competency, the Defendant presents the following:

The Court is required to hold a hearing but, ordering a competency evaluation is discretionary. *United States v. George,* 85 F.3d 1433, 1437 (9th Cir. 1996). 18 U.S.C. § 4241(b) provides, in part, "the court may order that a psychiatric or psychological report be conducted, and … filed with the court pursuant to the provisions of section 4247(b) and (c)."

Here, the psychologists and psychiatrists at Western State Hospital have already examined Mr. Burke extensively. Any competency evaluation should be done there.

The Government requests that a competency evaluation be "conducted by a neutral examiner." Motion at 1. The Government then goes on to recommend that it be done by BOP psychiatrists and psychologists at a BOP facility. *Id.,* 4. This is one section of the Department of Justice recommending that another section of the Department of Justice conduct a "neutral" examination.

The Government also asks that Mr. Burke be placed in "the custody of the Attorney General for placement in a suitable BOP medical facility for a reasonable period of time." Motion at 7. This is an incorrect standard of time.

18 U.S.C. § 4247(b) is very specific: "For purposes of an examination pursuant to an order under section 4241 … the court may commit the person to be examined for a reasonable period, but not to exceed thirty days … [t]he director of the facility may

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION* -5

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196*

apply for a reasonable extension, but not to exceed fifteen days under section 4241 …

upon a showing of good cause that the additional time is necessary to observe and

evaluate the defendant."

The standard under 18 U.S.C. § 4241(d) at the initial competency hearing is in

the alternative, as follow:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering form a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him <u>or</u> to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

(Emphasis added).  The test for determining competency is set forth in *Dusky v. United States,* 362 U.S. 402 (1960), where the court held,

> [I]t is not enough for the district judge to find that "the defendant [is] oriented to time and place and [has] some recollection of events," but that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."

*Id.,* at 402 (unattributed quotations in the original).  See also *United States v. Hoskie,* 950 F.2d 1389, 1392 (9th Cir. 1991) (quoting this part of *Dusky)*.

## CONCLUSION

In the latest order detaining Mr. Burke, dated January 11, 2016, in the Pierce County case, the court found that as a result of his mental disorder, Mr. Burke, "manifests

DEFENDANT'S RESPONSE TO MOTION FOR
COMPETENCY EVALUATION -6

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

severe deterioration in routine functioning evidenced by repeated and escalating lack of cognitive or volitional control over his actions."

Mr. Burke left Western State Hospital with another involuntary committed defendant, Mark Adams. Mr. Adams has been returned to Western State Hospital where he continues as a patient. So should Mr. Burke.

DATED this 20th day of April, 2016.

                WALDO, SCHWEDA & MONTGOMERY, P.S.

                By: /s/ PETER S. SCHWEDA
                     Peter S. Schweda, WSBA #7494
                     Attorney for Defendant Burke

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION -7*

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CF/ECF participant(s).

Michael C. Ormsby
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
P.O. Box 1494
Spokane, WA 99210

By: /s/Kathleen Schroeder
     Legal Assistant

*DEFENDANT'S RESPONSE TO MOTION FOR COMPETENCY EVALUATION -8*

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196