1  MICHAEL C. ORMSBY
2  United States Attorney
   Eastern District of Washington
3  Stephanie Marter
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:06-CR-00113-EFS |
| Plaintiff, | |
| vs. | MOTION FOR SUBPOENA DUCES TECUM |
| ANTHONY E. BURKE, | |
| Defendant. | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorney for the Eastern District of Washington, pursuant to Federal Rule of Criminal Procedure, Rules 17 (c)(1), hereby moves for an Order requiring Western States hospital to produce all the medical records pertaining to the Defendant.

I.     **INTRODUCTION AND FACTUAL BACKGROUND**

On March 11, 2013, this Court issued an arrest warrant based upon Defendant's alleged violation of supervised release under this cause number. The basis for the violation was the Defendant's failure to report to probation after having been released from federal custody after this court's previous order of revocation. Rather than reporting back to the Eastern District of Washington (EDWA), the Defendant remained on the west side of the state where it is alleged that he committed First

MOTION FORSUBPOENA DUCES TECUM - 1
P60421JJ.SAV.Burke.Motion.docx

Degree Murder on or about June 15, 2013. The Defendant was arrested by state authorities for that Murder offense; as a result, the federal warrant remained active.

While in state custody, the Defendant was evaluated for competency to stand trial.[1] After multiple assessments were completed in the state system between May 2014 and July 2015, on July 16, 2015, the Defendant was civilly committed to the Psychiatric Treatment and Recovery Center at Western State Hospital pursuant to RCW 71.05.280(3) and RCW 71.05.290(3)[2]. Based upon that civil commitment, the state's murder case was dismissed without prejudice.

Pursuant to RCW 71.05.290(3) of his civil commitment Order, Western State is required to file a petition every 180 days recommending whether the Defendant should remain involuntarily committed to Western State or whether he is eligible for a less restrictive placement. The United States was advised that on January 11, 2016, Western States submitted their first 180 day petition which recommended that the Defendant remain involuntarily committed[3]. That petition expires the end of June 2016.

On or about April 7, 2016, the Defendant escaped from Western State Hospital. The Defendant was located in the EDWA and arrested pursuant to his federal warrant on April 9, 2016. On April 11, 2016, United States Probation filed a second petition signed by this Court the same date, alleging a new violation of his supervised release based upon the commission of a new crime, the First Degree Murder.

---

[1] It is important to note that the Defendant was previously evaluated in federal court during his original offense and was found to be competent to stand trial.

[2] The basis of Defendant's civil commitment required findings that the Defendant had committed physical harm against another person; that the offense which was dismissed was a violent felony offense; that the Defendant was gravely disabled; and that there was a substantial likelihood he would repeat similar violent acts.

[3] The United States does not have all the medical records from Western State Hospital. The information as to his recommitment was confirmed by the Washington State Attorney General's Office and provided in part to United States Probation Office.

MOTION FOR SUBPOENA DUCES TECUM - 2
P60421JJ.SAV.Burke.Motion.docx

Counsel for the Defendant made several oral proffers at the initial appearance of the Defendant for his arraignment on these petitions. Defense counsel specifically proffered the state finding that he was not competent to stand trial and that he was currently under civil commitment. Defense counsel further indicated that he could not proceed with the arraignment on the current petition based upon concerns of competency given the Defendant's civil commitment. Judge Hutton continued the arraignment until April 18, 2016 and further ordered the United States to file a position as to primary jurisdiction in his matter. The United States filed its position on April 14, 2016. See, ECF 185.

On April 18, 2016, the Defendant was again before Magistrate Court with no change in status. The Defendant was not arraigned on the petition because the same issues of competency were present. The matter was therefore set over for hearing before this Court.

## I. LEGAL ARGUMENT

Fed. Rules Crim. P., Rule 17 provides in relevant part:

> 'A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.'

In *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103, 41 L. Ed. 2d 1039 (1974), the Supreme Court set forth the following requirements for a Rule 17 subpoena,

MOTION FOR SUBPOENA DUCES TECUM - 3
P60421JJ.SAV.Burke.Motion.docx

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Therefore, the moving party must establish relevance, admissibility and specificity. *Id.*

Respectfully, the government asks this Court to issue an order requiring Western State Hospital to produce of all the medical records pertaining to the Defendant. Defense counsel is unable to obtain a signed release of records from the Defendant, which is normally the standard procedure in this circumstance. Moreover, due to the nature of the records, Western State Hospital will not release them absent a Court Order therefore these records are not otherwise procurable.

These records are highly relevant as they directly pertain to the Defendant's competency, an issue currently before the Court that must be determined prior to proceeding in this matter. Additionally, it is not only important of the parties to be able to review the records to resolve issues of competency, it is even more important for other assigned medical professionals to have access to these records in order to properly review his competency. Since Western State Hospital is not a BOP facility, a Court Order requiring their release will ensure that BOP medical officials will also have access to the records.

Given that that there is a hearing today, the United States' proposes to address this motion at the hearing and discuss at that time if any additional protective order should be put into place for these requested documents. As a result, the United States

MOTION FOR SUBPOENA DUCES TECUM  - 4

P60421JJ.SAV.Burke.Motion.docx

has not attached proposed order until the issue can be discussed more fully before the Court and with counsel.

Dated: April 21, 2016.

                                   MICHAEL C. ORSMBY
                                   United States Attorney

                                   <u>s/ Stephanie Van Marter</u>
                                   Stephanie Van Marter
                                   Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter S. Schweda, pschweda@wsmattorneys.com

s/ Stephanie Van Marter
Stephanie Van Marter
Assistant United States Attorney

MOTION FOR SUBPOENA DUCES TECUM  - 1
P60421JJ.SAV.Burke.Motion.docx