1 MICHAEL C. ORMSBY
United States Attorney
2 Eastern District of Washington
Timothy J. Ohms
3 Stephanie Van Marter
Assistant United States Attorney
4 Post Office Box 1494
Spokane, WA 99210-1494
5 Telephone:  (509) 353-2767

6

7

8                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF WASHINGTON

9  UNITED STATES OF AMERICA,

10                                          No. 06-CR-00113-EFS
                              Plaintiff,
11                                          United States' Memorandum Re:
                                            Competency
12              vs.

13  ANTHONY E. BURKE,

14
                              Defendant.
15

16        Plaintiff, United States of America, by and through Michael C. Ormsby, United

17  States Attorney, for the Eastern District of Washington, and Timothy J. Ohms and

18  Stephanie Van Marter, Assistant United States Attorneys for the Eastern District of

19  Washington, submits the following United States' Memorandum Re: Competency.

20  I.    BACKGROUND

21        On March 11, 2013, this Court issued an arrest warrant based upon the

22  Defendant's alleged violation of supervise release. The basis for the violation was the

23  Defendant's failure to report to probation as directed by March 8, 2013, following his

24  release from custody in the Western District of Washington on March 5, 2013. On

25  June 15, 2013, the Defendant allegedly committed a murder in the Western District of

26  Washington while on fugitive status in this district. The Defendant was arrested by

27  state authorities in Snohomish County, Washington, and charged with First Degree

28  Murder; as a result, the federal warrant remained active.

United States' Memorandum Re: Competency - 1

While in state custody, the Defendant was evaluated for competency to stand trial. Eventually, he was found to not be competent and was civilly committed to Western State Hospital in July of 2015. As a consequence, the state murder charge was dismissed without prejudice. On or about April 6, 2016, the Defendant escaped from Western State Hospital and was arrested in the Eastern District of Washington on or about April 9, 2016.

On April 11, 2016, the United States Probation Office filed a second petition alleging that the Defendant violated the conditions of the supervised release by committed a new crime, the First Degree Murder alleged by state authorities.

The Defendant appeared with counsel on April 11, 2016, at which time counsel raised issues relating to the Defendant's competency to proceed. ECF No. 179. The matter was set over for hearing before this Court. On April 19, 2016, the United States filed a motion for a competency hearing. ECF No. 192. On April 22, 2016, this Court granted the United States' motion, ordered the Defendant to be evaluated for competency, and set a competency for July 14, 2016, which has since been continued until December 9, 2016. ECF No. 197, 255.

The Defendant has since been evaluated by both a government and defense expert, who provided written reports dated August 23, 2016, and November 14, 2016, respectively. Both experts agreed that the Defendant was competent for purposes of the alleged violations of supervised release. The government's expert, Cynthia Low, Ph.D., concluded that the Defendant was competent to stand trial; the defense expert, Debra D. Brown, Ph.D., concluded that the Defendant was competent for purposes of hearings on his alleged violations of supervised release but may not be competent for all purposes. Given that the current proceedings are limited to alleged violations of supervised release, the experts do not materially disagree that the Defendant is competent to proceed.

After consulting with counsel for the Defendant, the United States intends to call Dr. Low to testify regarding her evaluation of the Defendant and her conclusion

1   of competency.

2   II.    LEGAL STANDARD:

3         The District Court must make a determination in this case of whether the

4   Defendant "is unable to understand the nature and consequences of the proceedings

5   against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).  The Ninth

6   Circuit has explained that competence to stand trial "requires the mental acuity to see,

7   hear and digest the evidence, and the ability to communicate with counsel in helping

8   prepare an effective defense." *United States v. Woodford*, 238 F.3d 1084, 1089 (9th

9   Cir.2001). The general test as described by the Supreme Court is whether the

10   defendant "has sufficient present ability to consult with his lawyer with a reasonable

11   degree of rational understanding—and whether he has a rational as well as a factual

12   understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402,

13   402 (1960). This standard applies to trial, guilty pleas, and sentencing. *Godinez v.*

14   Moran, 509 U.S. 389, 397-99 (1993) (guilty plea); *United States v. Dreyer*, 705 F.3d

15   951, 961 (9th Cir. 2013) (sentencing). The government bears the burden of proof to

16   establish by a preponderance of the evidence that a defendant is competent to stand

17   trial. 18 U.S.C. § 4241(d); *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th

18   Cir.1991).[1]

19         Evidence that a defendant has a mental disease, disorder, or defect does not, in

20

21   [1] Despite the Ninth Circuit's holding in *Hoskie*, the Supreme Court has not decided the

22   matter and has implied that the burden of proof falls on the defendant to prove

23   incompetence. *See Medina v. California*, 505 U.S. 437, 447-48 (1992); *Cooper v.*

24   *Oklahoma*, 517 U.S. 360, 362 (1996). As the Supreme Court has noted, however, "the

25   allocation of the burden of proof . . . will affect competency determinations only in a

26   narrow class of cases where the evidence is in equipoise; that is, where the evidence

27   that a defendant is competent is just as strong as the evidence that he is incompetent."

28   *Medina*, 505 U.S. at 449.

and of itself, mean a defendant is incompetent. *See Smith v. Armontrout*, 812 F.2d 1050, 1057 (8th Cir. 1987 (noting that it is possible that a defendant may have a mental disease, disorder, or defect, but may still be competent); *see also Mata v. Johnson*, 210 F.3d 324, 329 n.2 (5th Cir. 2000) (stating that presence or absence of mental illness or brain disorder is not dispositive); *United States v. Mackovich*, 209 F.3d 1227, 1233 (10th Cir. 2000) (noting that the Tenth Circuit Court of Appeals has long recognized that a defendant is not necessarily incompetent simply because he suffers from a mental disease or defect). Thus, not every manifestation of mental illness demonstrates incompetency to stand trial. *United States v. Turner*, 644 F.3d 713 (8th Cir. 2011). Neither low intelligence, mental deficiency, nor "bizarre, volatile, and irrational behavior" compels a finding of incompetency to stand trial. *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996*); United States v. DeCoteau*, 630 F.3d 1091, 1095 (8th Cir. 2011) (finding defendant competent to stand trial notwithstanding low IQ scores of 55 to 57 that placed defendant in "mild mental retardation range"). A medical opinion on the mental capacity of an accused is usually persuasive evidence on the question of whether a sufficient doubt exists about a defendant's competence." *United States v. Mueller*, 661 F.3d 338, 352-53 (8th Cir. 2011) (quotation marks and citations omitted).

The procedures for a competency hearing are set forth in 18 U.S.C. § 4247(d), which provides that the Defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *See also United States v. Gillenwater*, 717 F.3d 1070 (9th Cir. 2013).

In the present case, a government expert provided a psychological report indicating that the Defendant "exhibited an adequate understanding of the supervised release violations and the related court proceedings." ECF No.231 at 27. The report provides specific examples demonstrating the Defendant's understanding of the issues relating to his alleged violations of supervised release, the consequences of a finding

that he committed the violations, and the procedures involved in the hearing. Where the Defendant lacked an immediate understanding of relevant procedures—such as a plea of not guilty by reason of insanity—he demonstrated an ability to understand the procedures when explained to him. The government's expert concluded that the Defendant was competent to stand trial under the standards of 18 U.S.C. § 4241(d).

Although the report prepared by the defense expert was more nuanced in its conclusion, the defense expert ultimately concluded that the Defendant should have "relatively little difficulty" with the simple case of a "probation" violation. Dr. Brown Report at 27. Specifically, the Defendant "demonstrated adequate ability to understand the nature and consequences of a probation violation," and "has the ability to assist his counsel in the probation matter at hand." *Id*. The Defendant's expert further opined that the conditions affecting the Defendant's mental state "will not substantially impair his ability to understand the nature or consequences of court proceedings regarding probation." *Id*.

Thus, based upon the "available medical opinion[s] on the mental capacity of the accused," *Mueller*, 661 F.3d at 352-53, the United States believes that a conclusion that the Defendant is competent to proceed to a hearing on his alleged violations of supervised release is supported by a preponderance of the evidence, and that this Court should find him competent to proceed.

III.    WITNESS AND EXHIBIT LIST:

The United States anticipates presenting testimony from one witness, Cynthia A. Low, Ph.D., the Forensic Unit Psychologist at the Federal Detention Center in SeaTac, Washington, who conducted the competency examination of the Defendant. The United States anticipates that Dr. Low will testify in person.

The government anticipates one exhibit, which is the Forensic Evaluation completed by Dr. Low, and filed under seal on August 23, 2016. ECF No. 231.

The United States originally estimated a hearing length of approximately two hours. The Defendant has estimated that the testimony of the defense expert alone

may take two hours. ECF No. 252. The United States is also unaware of whether the Defendant will request an opportunity to testify. As a result, the United States has revised its estimate to a hearing length of up to four hours.

Dated:  November 30, 2016.


MICHAEL C. ORMSBY
United States Attorney


Timothy J. Ohms

*s/ Timothy J. Ohms*
Assistant United States Attorney

*s/ Stephanie Van Marter*
Assistant United States Attorney

United States' Memorandum Re: Competency - 6

1
2
3
**CERTIFICATE OF SERVICE**

4        I hereby certify that on November 30, 2016, I electronically filed the foregoing

5  with the Clerk of the Court using the CM/ECF system which will send notification of

6  such filing to the following:

7

8
Peter S. Schweda
9  Waldo, Schweda & Montgomery, P.S.
10  2206 North Pines Road
Spokane, WA 99206
11

12
                                                    Timothy J. Ohms
13

14                                                  *s/ Timothy J. Ohms*
                                                    Assistant United States Attorney
15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Memorandum Re: Competency - 7