MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie Marter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:06-CR-00113-EFS |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR |
| ANTHONY E. BURKE, | |
| Defendant. | |
| | Date: December 9, 2016 @ 9:00 am With Oral Argument |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorney for the Eastern District of Washington, respectfully requests the Court to issue an Order authorizing the disclosure of the two evaluations returned in this matter as to Mr. Burke's competence to Western State Hospital and the Snohomish County Prosecutors Office. These entities have parallel proceedings with the Defendant that involve the exact issue of competency relative to a First Degree Murder case[4]. Given that these are the two most recent evaluations on the issue, the United States submits they should be provided a copy. If the Court feels

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO
WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY
PROSECUTOR - 1

appropriate, the evaluation can remain sealed with authorization to disclose to their appropriate judicial body and any and all parties to the case.

## INTRODUCTION AND FACTUAL BACKGROUND

On March 11, 2013, this Court issued an arrest warrant based upon Defendant's alleged violation of supervised release under this cause number. The basis for the violation was the Defendant's failure to report to probation after having been released from federal custody after this court's previous order of revocation. Rather than reporting back to the Eastern District of Washington (EDWA), the Defendant remained on the west side of the state where it is alleged that he committed First Degree Murder on or about June 15, 2013. The Defendant was arrested by state authorities for that Murder offense; as a result, the federal warrant remained active.

While in state custody, the Defendant was evaluated for competency to stand trial.[1] After multiple assessments were completed in the state system between May 2014 and July 2015, on July 16, 2015, the Defendant was civilly committed to the Psychiatric Treatment and Recovery Center at Western State hospital pursuant to RCW 71.05.280(3) and RCW 71.05.290(3)[2]. Based upon that civil commitment, the state's murder case was dismissed without prejudice.

Pursuant to RCW 71.05.290(3) of his civil commitment Order, Western State was required to file a petition every 180 days recommending whether the Defendant should remain involuntarily committed to Western State or whether he is eligible for a

---

[1] It is important to note that the Defendant was previously evaluated in federal court during his original offense and was found to be competent to stand trial.

[2] The basis of Defendant's civil commitment required findings that the Defendant had committed physical harm against another person; that the offense which was dismissed was a violent felony offense; that the Defendant was gravely disabled; and that there was a substantial likelihood he would repeat similar violent acts.

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR -  2

less restrictive placement. The United States was advised that on January 11, 2016, Western State submitted their first 180 day petition which recommended that the Defendant remain involuntarily committed[3]. That petition expired the end of June 2016.

On or about April 7, 2016, the Defendant escaped from Western State Hospital. The Defendant was located in the EDWA and arrested pursuant to his federal warrant on April 9, 2016. On April 11, 2016, United States Probation filed a second petition signed by this Court the same date, alleging a new violation of his supervised release based upon the commission of a new crime, the First Degree Murder.

Judge Hutton continued the arraignment until April 18, 2016, and further ordered the United States to file a position as to primary jurisdiction in his matter. The United States filed its position on April 14, 2016. See, ECF No. 185. On April 18, 2016, the Defendant was again before Magistrate Court with no change in status. The Defendant was not arraigned on the petition because the same issues of competency were present. The matter was therefore set over for hearing before this Court.

The United States filed a motion for Competency determination pursuant to 18 U.S.C. § 4241(a) and (b). See, ERCF 1902. The court granted the United States' motion and ordered the Defendant evaluated. ECF 200. Evaluations have been completed by both parties and a hearing is currently set for December 9, 2016. The evaluations have been filed under seal. See, ECF 231 and 251.

As an update on the state side of this matter, the Defendant's competency Order has expired in the state system. As a result, there are no pending orders on the state

---

[3] The United States does not have all the medical records from Western States Hospital. The information as to his recommitment was confirmed by the Washington State Attorney General's Office and provided in part to United States Probation Office.

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR - 3

side which would require him to be transferred back to Western State.  However, as the state previously indicated, it has a significant interest in the outcome and status of this federal court matter and is awaiting its next step dependent on this outcome.   If this Court finds the Defendant competent to proceed, the state has a good faith basis to reinstate the criminal charges against the Defendant and the process begins anew in state court.  If this Court finds the Defendant not competent to stand trial, then it will face the federal procedure for commitment pursuant to 18 U.S.C. §§ 4246 and 4247.  Given the interwoven interests of both entities, the evaluations prepared in this matter, just like the records from Western State, are crucial to obtaining a complete picture as to the status of the Defendant's competency.

The United States understands that the competency proceedings will be open to the public but the underlying documents are under seal. Moreover, the BOP requires an Order from the Court before it can provide their evaluation to any other party.  As a result, the United States is moving the Court for such an Order.

## LEGAL ARGUMENT

There is not a body of case law which directly addresses this point.  However, there are a few cases where the Ninth Circuit has addressed various requests either by the media or through defense regarding the sealing and public nature of competency documents and hearings.

In *United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012), the Ninth Circuit addressed a Defendant's request to keep his competency records under seal.  The district court denied the request and the Defendant sought an interlocutory appeal and writ of mandamus on the issue.  As a result, the main issue on appeal was whether the district court's denial of the motion to seal the competency proceedings and evaluation was ripe under the collateral review doctrine. *Id.* at 1000.  However, the Ninth Circuit

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR -  4

in affirming the district court's rulings, made some interesting findings. *Id.* at 1000-1004[4].

First addressing the first amendment implication,

> To determine whether there is a right of access to a particular kind of hearing, we look to the Supreme Court's two-part "experience" and "logic" test. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("Press–Enterprise II "). If a proceeding satisfies the test, a qualified First Amendment right of access arises, which can be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 9, 106 S.Ct. 2735.

*Id.* at 1000.

In applying the "experience prong" the *Guerrero* court concluded, "[T]he district court did not clearly err in concluding that competency proceedings of a criminal defendant have historically been open to the public and press." *Id.* at 1001. In applying the "Logic prong", the *Guerrero* court likewise concluded that a criminal competency hearing resembles more closely a criminal trial or preliminary hearing rather than a grand jury proceeding because competency hearings determine a critical

---

[4] The Ninth Circuit first noted the issue as to whether there is a public right of access to criminal competency proceeding was a matter of first impression, citing *United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir.1998) (declining to resolve media's First Amendment claim of access to defendant's court-ordered psychiatric competency report). *Id.* at 1000. It further specified that it was not deciding the ultimate issue as to whether the district court correctly denied *Guerrero's* motion to seal. *Id.* at 1004.

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR -  5

issue of the proceedings. *Id.* The Ninth Circuit went on to note that conducting such hearings open to the public promotes the public's understanding of the criminal process and therefore allows the hearing to be conducted in a fair, open and objective manner. *Id.* The *Guerrero* court thus concluded the logic prong of the First Amendment application was likewise met in determine a First Amendment Right of Access does arise in the context of a competency hearing.

In analyzing whether any of the Defendants individual rights overcame the First Amendment right of access, the *Guerrero* court considered the Defendant's right to a fair trial, his privacy interests in the subject matter and documents as well as his attorney client privilege or work product. The Guerrero court concluded that none of these interests overcame the First Amendment right of access, noting specifically as to the Defendant's privacy interests,

> even if the privacy rights of *Guerrero* and others named in competency documents constitute a compelling interest, there are alternatives to full closure of the competency proceedings that can protect these interests. Courts may issue protective orders, redact names from reports, and restrict the use of other people's names during the hearing. Therefore, there are alternatives to closure and it was not clear error to conclude that *Guerrero'*s privacy interests do not override the First Amendment right of access.

*Id.* at 1003.

Here, this request is not motivated by public access or the media. Rather, this request is made to share information with a companion jurisdiction who has a parallel proceeding and who has a compelling interest in the outcome of this Court's determination. Therefore, there is a compelling need to access the underlying documents which provide the basis to this Court's future ruling. Access to the record and the evaluations are simply crucial to their proceedings. The United States

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR -  6

respectfully submits there are compelling constitutional arguments in support of public disclosure that outweigh the Defendants individual rights.  The United States is not opposed, as the Ninth Circuit suggests, to alternative disclosure methodologies such as keeping the documents sealed but authorizing their disclosure to the state entities and companion state judicial proceeds; or to unseal the evaluations in total; or to propose redactions. Either alternative is acceptable.

    The United States has discussed this motion with counsel for the Defendant who does object to the motion however, has agreed to address it at the next scheduled hearing on Friday December 9, 2016.  Defense does not intend to file a response.

    Dated:  December 2, 2016.

    MICHAEL C. ORSMBY
United States Attorney


s/ Stephanie Van Marter
Stephanie Van Marter
Assistant United States Attorney

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR -  7

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter Schweda, pschweda@wsattorneys.com

                                  s/ Stephanie Van Marter
                                  Stephanie Van Marter
                                  Assistant United States Attorney

MOTION FOR ORDER TO PRODUCE MENTAL HEALTH EVALUATIONS TO WESTERN STATE HOSPITAL AND SNOHOMISH COUNTY PROSECUTOR - 1