Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY E. BURKE,<br><br>　　　　Defendant. | NO. CR-06-00113-EFS<br><br>DEFENDANT'S SUPERVISED RELEASE HEARING MEMORANDUM |

<u>Witness and Exhibit Lists.</u>

The Court ordered the parties to "file their respective exhibit and witness lists with the subject matter of each witness by no later than 5:00 p.m. on Monday, December 12, 2016" for the violation hearing on December 16, 2016. ECF No. 258.

At this time, Mr. Burke does not intend to call any witnesses or offer any exhibits at the violation hearing and, therefore, he has not filed any lists.

The Government has failed to file any witness or exhibit lists to time of filing this memorandum.

<u>The Court May Not Sanction Mr. Burke for Committing an Alleged Murder, but</u>

*VIOLATION RELEASE HEARING MEMORANDUM -1*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

Only for a Breach of Trust.

18 U.S.C. §3553(a)(2)(A) states that a court in determining the appropriate sentence to be imposed shall consider:

> (2) the need for the sentence imposed
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to promote just punishment for the offense.

However, the statute on revoking or modifying supervised release does not mention § 3553 (a)(2)(A). The Ninth Circuit has held that this omission means that the factors stated in §3553 (a)(2)(A) "are not proper for the purposes of sentencing upon revocation of supervised release." *United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir. 2007), citing *United States v. Miqbel,* 444 F.3d 1173, 1181-82 (9th Cir. 2006). "This means that 'at a revocation sentencing, a court may appropriately sanction a violator for his "breach of trust" but may not punish him for the criminal conduct underlying the revocation.'" *United States v. Hammons,* 558 F.3d 1100, 1104 (9th Cir. 2009), citing *Miqbel,* at 1182.

"A district court may not impose a revocation sentence <u>solely</u>, or even, primarily, based upon the new criminal offense underlying the revocation." *Simtob* at 1063 (emphasis in the original), citing *Miqbel* at 1182.

Therefore, if the Court finds that Mr. Burke committed the second alleged violation in that he "commit[ed] another federal, state or local crime of murder, the Court may

*VIOLATION RELEASE HEARING MEMORANDUM -2*

sanction him for his breach of trust but may not punish him for the criminal conduct underlying the revocation." *Hammons,* at 1104 (internal quotation marks omitted); see also, *Miqbel* at 1180.

<u>Possible Sentence upon Revocation of Supervised Release.</u>

Mr. Burke's underlying conviction is for Possession of Ammunition by a Person who has Previously Been Committed to a Mental Institution in violation of 18 U.S.C. §922(g)(4). ECF No. 16. This crime is punishable by imprisonment of not more than 10 years. 18 U.S.C. § 924(a)(2). It is a Class C felony. 18 U.S.C. § 3581(b)(3). The statutory maximum sentence upon revocation of supervised release is not more than two years imprisonment. 18 U.S.C. §3583(e)(3). The Court may impose the maximum sentence even though it has imposed previous supervised release sentences of seven months and 21 days in 2009 and 12 months in 2011. ECF No. 136 and 168. See *United States v. Knight,* 580 F.3d 933, 936-39.

The Defendant agrees with the guidelines calculations of 3-9 months (absconding) and 12-18 months (committed another crime). See EFC No. 170-1 and 175-1. Mr. Burke will be given credit for time served since his arrest on April 9, 2016. 18 U.S.C. § 3585(b).

<u>Imposition of Additional Supervised Release is Another Matter.</u>

Under 18 U.S.C. 3583(n) the maximum term of supervised release that may be imposed after multiple supervised release revocations "must be reduced by the aggregate

*VIOLATION RELEASE HEARING MEMORANDUM -3*

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

length of any and all terms of imprisonment imposed upon revocation of supervised release." *Knight,* at 938.

The Court has imposed previous supervised release revocation sentences of seven months and 21 days, and, 12 months. ECF No. 136 and 168. If the Court imposes more than four months and nine days imprisonment an additional term of supervised release is not available as a sanction.

<u>Any Sanction Should Include Hospitalization.</u>

A sentencing factor is "the need for the sentence imposed…to provide the defendant with needed…medical care…in the most effective manner." 18 U.S.C. §3553(a)(2)(D). This section is applicable to supervised release revocation cases under 18 U.S.C. §3553(e).

Due to Mr. Burke's longstanding psychosis and mental disease, it is requested that the Court order appropriate medical care and treatment if the Court imposes a sentence of imprisonment.

RESPECTFULLY SUBMITTED this 14th day of December, 2016.

        WALDO, SCHWEDA & MONTGOMERY, P.S.

        By: /s/ PETER S. SCHWEDA
            Peter S. Schweda, WSBA #7494
            Attorney for Defendant Burke

*VIOLATION RELEASE HEARING MEMORANDUM -4*

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CF/ECF participant(s).

Michael C. Ormsby
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
P.O. Box 1494
Spokane, WA 99210

By: /s/Kathleen Schroeder
      Legal Assistant

*VIOLATION RELEASE HEARING MEMORANDUM -5*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*