UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ANTHONY E BURKE,<br><br>                Defendant. | No.  2:06-CR-00113-EFS-1<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO PROVIDE MENTAL HEALTH EVALUATIONS** |

On December 9 and 14, 2016, the Court conducted a competency hearing in this matter. *See* ECF Nos. 265 & 270.  During the competency hearing, the Court heard testimony from Cynthia Low, Ph.D, and Debra D Brown, Ph.D.  The Court received the parties' exhibits into evidence, and on request of defense counsel, the Court ordered that the following exhibits (collectively, "Requested Materials") remain sealed pending further orders from the Court:

    A. Exhibit 1 (2016 Cynthia Low, Ph.D., Forensic Evaluation);

    B. Exhibit 2 (Cynthia Low, Ph.D., Curriculum Vitae);

    C. Exhibit 107 (2007 Cynthia Low, Ph.D., Forensic Evaluation); and

    D. Exhibit 113 (November 14, 2016, Debra D. Brown, Ph.D., Forensic Mental Health Evaluation).

*See* ECF No. 275.

ORDER - 1

At the conclusion of the hearing, the Court ruled on a motion by the U.S. Attorney's Office (USAO), ECF No. 259; the Court denied permission to disclose the Requested Materials to Western State Hospital, and held in abeyance a ruling on whether to allow disclosure of the Requested Materials to the Snohomish County Prosecuting Attorney's Office. *See* ECF No. 275.  Since then, the USAO has filed a "Motion to Renew [its] Request to Provide Mental Health Evaluations," ECF No. 276.  For the reasons set forth below, the Court finds good cause to grant the USAO's request in part and allow limited disclosure of the exhibits in question.

As a preliminary matter, it is unclear whether the USAO seeks to renew its request as to Western State Hospital, because its Motion to Renew solely addresses disclosure to the Snohomish County Prosecuting Attorney's Office. *See* ECF No. 276.  Regardless, the Court continues to find that the USAO has provided no persuasive reason why this Court should order that the Requested Materials be provided to Western State Hospital.  The Court's denial of that portion of the USAO's motion stands. *See* ECF No. 275.

However, the Court finds it to be in the interest of justice to allow the USAO to disclose the Requested Materials to the Snohomish County Prosecuting Attorney's Office.  Attached to its Motion to Renew, the USAO included a declaration by Matt Hunter, a Deputy Prosecuting Attorney for Snohomish County. *See* ECF No. 276-1.  Mr. Hunter states that Mr. Burke has been charged with first degree murder in Snohomish County, cause number 13-1-01584-1. ECF No. 276-1.  The Requested Materials will likely be relevant to Mr. Burke's murder

ORDER **-** 2

1 case, and are certainly relevant to issues such as his eligibility for
2 bail. Further, as Mr. Hunter notes, the Requested Materials will be
3 critical if the issue of Mr. Burke's competency is raised again in
4 those proceedings.

5 Mr. Burke objects on the basis that he has a compelling interest
6 in keeping his healthcare records private. *See* ECF Nos. 268 & 277.
7 The Court notes that much of the sensitive information contained in
8 the Requested Materials has already been discussed in open court
9 during the competency hearing, *see* ECF No. 265, and the transcript
10 from that hearing is available to the public, *see* ECF No. 267.
11 Indeed, as a matter of public policy, competency hearings and court
12 materials are usually made publicly available. *See, e.g.*, *United*
13 *States v. Guerrero*, 693 F.3d 990, 998 (9th Cir. 2012) (noting that
14 although a defendant's rights to privacy and a fair trial are
15 significant, "we do not see how they would be substantially imperiled
16 by open competency proceedings").

17 That said, the general right "to inspect and copy judicial
18 records is not absolute." *In re McClatchy Newspapers, Inc.*, 288 F.3d
19 369, 373–74 (9th Cir. 2002) (quoting *Nixon v. Warner Commc'ns, Inc.*,
20 435 U.S. 589, 598 (1978)). The Court has supervisory power over its
21 records and files, and may deny access to prevent injustice. *See id.*
22 Here, the Court is mindful of Mr. Burke's privacy interests,
23 especially given the particularly sensitive nature of mental health
24 records. As such, the Court finds it proper at this time to allow
25 only limited disclosure of the Requested Materials.

26

ORDER - 3

The USAO may provide a copy of the Requested Materials to the Snohomish County Prosecuting Attorney's Office; the Snohomish County Prosecuting Attorney's Office shall then provide a copy to Mr. Burke's counsel in cause number 13-1-01584-1. The Snohomish County Prosecuting Attorney's Office may use the Requested Materials only in cause number 13-1-01584-1, and must first give defense counsel in that case 14 days' notice of its intent to do so. This notice requirement is intended to provide defense counsel with adequate time to file any motions in the state court that it believes appropriate.

Accordingly, **IT IS HEREBY ORDERED**

1. The USAO's Motion to Renew Request to Provide Mental Health Evaluations, **ECF No. 276**, as well as its Motion for Order to Produce Mental Health Evaluations to Western State Hospital and Snohomish County Prosecutor, **ECF No. 259**, are **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order.

2. The USAO may provide the following materials to the Snohomish County Prosecuting Attorney's Office:

   A. Exhibit 1 (2016 Cynthia Low, Ph.D., Forensic Evaluation);
   
   B. Exhibit 2 (Cynthia Low, Ph.D., Curriculum Vitae);
   
   C. Exhibit 107 (2007 Cynthia Low, Ph.D., Forensic Evaluation); and
   
   D. Exhibit 113 (November 14, 2016, Debra D. Brown, Ph.D., Forensic Mental Health Evaluation).

**3.** The Snohomish County Prosecuting Attorney's Office shall provide a copy of the above-listed materials to Mr. Burke's defense counsel in cause number 13-1-01584-1.

**4.** If the Snohomish County Prosecuting Attorney's Office intends to use the above-listed materials in cause number 13-1-01584-1, it must first provide 14 days' notice to defense counsel in that case.

**5.** This case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this __29th__ day of March 2017.

                ___s/Edward F. Shea____
                     EDWARD F. SHEA
            Senior United States District Judge